977 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Milton BAKER, Jr., Defendant-Appellant.
 No. 90-50253.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 5, 1992.*
Decided Oct. 15, 1992.
 
 Before TANG, PREGERSON and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Milton Baker appeals his conviction for possession with intent to distribute cocaine base, and distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 FACTS
 
 3
 Detectives Raymond Martin and Jim Gillespie and Sergeant Gossett of the Los Angeles Police Department, dressed in plain clothes, were monitoring a Federal Express office in Los Angeles. Defendant Milton Jerome Baker and co-defendant Cherry Yolanda Wheatley entered the office to mail a package. While waiting in line, both Baker and Wheatley appeared very nervous, continually looking over their shoulders to see if anyone was watching them in the office, shifting their weight from one foot to the other, and talking in hushed tones; at the service counter, Baker covered his mouth with his hand while talking to Wheatley. Both Baker and Wheatley made eye contact with the officers several times, but immediately looked away. Baker and Wheatley shipped the package as "priority" overnight mail, and paid for the shipment in cash.
 
 
 4
 Based on this behavior, Martin asked Gillespie and Gossett to interview the two after they left the Federal Express Office. Gillespie and Gossett approached Baker and Wheatley outside the office, identified themselves as police officers, and advised them that they were not under arrest, that they were free to leave, and that they did not have to talk to the officers. Gillespie asked the defendants if they understood, and both responded "yes". The officers asked for their identifications, which Baker and Wheatley provided. As the officers were looking at the licenses, Gillespie explained that he was interviewing people suspected of shipping narcotics via Federal Express, and Baker stated, "I do not know what is in the package, I'm mailing it for a friend of mine." Baker then grabbed both licenses and ran, and escaped by car with the officers in pursuit. Wheatley was taken into custody, a search warrant was obtained to open the package, and Baker was later arrested.
 
 
 5
 Prior to trial, Baker moved to suppress the seized cocaine, contending that the search warrant was not supported by probable cause. Co-defendant Wheatley also moved to suppress the evidence contending that her arrest was not supported by probable cause, that the search of her person was not justified, that her statements were obtained in violation of her rights, and that the search warrant was not supported by probable cause.
 
 DISCUSSION
 
 6
 Baker contends that the evidence of cocaine base should have been suppressed because the police officers did not have articulable suspicion to make a Terry investigative stop. We disagree.
 
 
 7
 Baker did not argue in his motion to suppress that the initial stop was not justified by articulable suspicion. Under Fed.R.Crim.P. 12(b)(3) and 12(f), a defendant waives objections relating to the suppression of evidence if not raised in a pretrial motion. United States v. Erwin, 803 F.2d 1505, 1508 n. 1 (9th Cir.1986). Baker has not shown good cause for his omission.
 
 
 8
 Moreover, Baker conceded at the suppression hearing that the initial stop was consensual, and thus does not implicate the Fourth Amendment. We agree that the encounter was consensual.
 
 
 9
 [A] person is "seized" only when, by means of physical force or a show of authority, his freedom of movement is restrained.... As long as the person to whom questions are put remains free to disregard the questions and walk away, there has been no intrusion upon that person's liberty or privacy as would under the Constitution require some particularized and objective justification.
 
 
 10
 United States v. Mendenhall, 446 U.S. 544, 553-54 (1980).
 
 
 11
 Under the circumstances of this case, Baker would reasonably have believed that he was free to leave: the officers advised Baker and Wheatley that they were not under arrest, that they were free to leave, and that they did not have to talk to the officers. Both Baker and Wheatley indicated that they understood. Although Baker argues that he was not free to leave when the officers were looking at the licenses, there is no evidence that the officers had refused to give back the identification. There is no support for Baker's contention that he was restrained from leaving because his back was against a chain link fence, in view of the fact that he grabbed the licenses and ran from the area. The officers made no display of force or authority.
 
 
 12
 The encounter falls squarely within that type of stop previously held to be consensual. See Florida v. Rodriguez, 469 U.S. 1, 5 (1984) (where defendant was asked by officers if he would step aside and talk to them, the encounter was consensual and did not implicate Fourth Amendment); Erwin, 803 F.2d at 1508 (no Fourth Amendment violation where defendant is stopped in a public place, police officers displayed no force, and defendant agreed to talk with officers).
 
 
 13
 Finally, the district court found that there was reasonable suspicion to justify an investigatory stop:
 
 
 14
 It seems to me crediting the officers' observations inside the Federal Express office ... the officers probably at that point do not have probable cause to arrest but have probable, have reasonable cause for a Terry stop and an inquiry.
 
 
 15
 This conclusion is correct under the law of this circuit. In United States v. Nikzad, 739 F.2d 1431, 1433 (9th Cir.1984), we held that the police had reasonable suspicion when the defendant drew attention to himself in an airport by his nervous behavior. There, the defendant looked nervously at the officers, shifted his weight from foot to foot, avoided eye contact, and moved out of view of the officers, almost precisely the behavior present in this case.
 
 The conviction is
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3