981 F.2d 1261
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cherry Yolanda WHEATLEY, Defendant-Appellant.
 No. 90-50171.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 5, 1992.
Decided Dec. 28, 1992.
 
 Before HUG, FLETCHER and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Cherry Yolanda Wheatley ("Wheatley") timely appeals her convictions for possession with intent to distribute a controlled substance and distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1). Wheatley's primary argument is that the law enforcement officers lacked probable cause to arrest her; therefore, the district court should have granted her motion to suppress the evidence discovered in her purse and on her person in the search incident to her arrest. Because we reverse on this issue, we need not address the other issues raised by Wheatley.
 
 
 3
 We review a district court's finding of probable cause de novo. United States v. Arias, 923 F.2d 1387, 1389 (9th Cir.), cert. denied, 112 S.Ct. 130 (1991). We review the underlying facts as found by the district court for clear error. Id.
 
 
 4
 The district court ruled that the officers' initial encounter with Baker and Wheatley was an investigatory stop that was justified by reasonable suspicion that criminal activity was afoot. He held that probable cause arose when Baker fled. We agree that the officers' observations of Baker and Wheatley justified the investigatory stop, but disagree that probable cause arose as to Wheatley when Baker fled.
 
 
 5
 It is apparent that the officers treated this encounter merely as a Terry stop for investigative purposes as they made it clear that Baker and Wheatley were not under arrest and were free to leave. It is also clear that the reasonable suspicion justifying the Terry stop ripened into probable cause to arrest Baker when he grabbed his and Wheatley's driver's licenses and fled. The question is whether it ripened into probable cause to arrest Wheatley.
 
 
 6
 We must decide whether the officers had probable cause to believe that Wheatley was a participant in criminal activity with Baker. Probable cause must be particularized with respect to the person being arrested. Ybarra v. Illinois, 444 U.S. 85, 91 (1979). Probable cause to arrest one person does not transfer to another by mere proximity. See United States v. Strickler, 490 F.2d 378, 380 (9th Cir.1974). "In order to find probable cause based on association with persons engaging in criminal activity, some additional circumstances from which it is reasonable to infer participation in the criminal enterprise must be shown." United States v. Hillison, 733 F.2d 692, 697 (9th Cir.1984); see also United States v. Baron, 860 F.2d 911, 916-17 (9th Cir.1988), cert. denied, 490 U.S. 1040 (1989).
 
 
 7
 Nervous conduct, lack of eye contact, and speaking in hushed tones are insufficient bases upon which to find probable cause. Mere association with someone who fled does not add materially to that conclusion. Wheatley readily produced identification and did not attempt to flee. Apart from the profile evidence, her conduct was consistent with innocence.
 
 
 8
 The Government points to the fact that Wheatley assisted in mailing the package by filling out the airbill and handing the money to the service agent for mailing. This is perfectly consistent with someone helping a companion mail a sealed package. It affords no indication that she knew what was in the package. In order to establish probable cause as to Wheatley, there must be a more reliable indication of her knowing involvement in Baker's shipment of contraband. The evidence known to the officers was too slight and ambiguous.
 
 
 9
 In Hillison, the officers had validly searched a package revealing contraband and had evidence that the defendant must have known that the package contained contraband before arresting the defendant. 733 F.2d at 695-96. Here, the officers had no knowledge of the contents of the package and no evidence that Wheatley knew what the package contained.
 
 
 10
 The profile evidence in this case, together with the minimal observation of Wheatley's association with Baker and Baker's fleeing the scene, does not amount to probable cause to arrest Wheatley. The fruits of the search incident to Wheatley's arrest should have been suppressed. We are therefore required to reverse.
 
 
 11
 REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3