UNITED STATES of America, Plaintiff–Appellee,

v.

Tyrone ARNOLD, Defendant–Appellant.

No. 01–55277.

D.C. Nos. CV–00–03323–TJH–3, CR–97–01136–TJH–3.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2002.*

Decided Feb. 25, 2002.

Before B. FLETCHER, T.G. NELSON, and TALLMAN, Circuit Judges.

MEMORANDUM **

Tyrone Arnold, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 petition, challenging a 37–month sentence for two counts of possessing forged and counterfeit checks, in violation of 18 U.S.C. § 513(a). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Arnold contends that the district court erred by denying his section 2255 motion without considering his second amendment to that motion. We review de novo a district court's denial of a section 2255 motion, *United States v. Baker*, 256 F.3d 855, 859 (9th Cir.2001), while we review the denial of leave to amend for an abuse

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

of discretion, *United States ex rel. Sequoia Orange Co. v. Baird–Neece Packing Corp.*, 151 F.3d 1139, 1147 (9th Cir.1998).

Arnold submitted a second motion to amend after the government filed its response. This motion was returned because Arnold failed to attach proof of service. *See* Fed.R.Civ.P. 5(d). There is no record that the district court received a cured amendment. Because the motion was never properly before the district court, we cannot say it was an abuse of discretion to deny the motion. *See Baird–Neece,* 151 F.3d at 1147.

Arnold next contends that the government breached the plea agreement by using information from his proffer session to argue for a role enhancement. This was the substance of Arnold's second amendment, and in light of our determination that Arnold's second amendment was never properly before the district court, we decline to review the issue for the first time on appeal. *See United States v. Antonakeas,* 255 F.3d 714, 721 (9th Cir.2001).

Arnold also contends the prosecutor breached his plea agreement by arguing for a role enhancement. We disagree. The plea agreement specifically permitted the parties to argue for additional specific offense characteristics, adjustments, and departures. Accordingly, the prosecutor's request for a role enhancement did not breach the agreement.

Finally, Arnold contends that his trial counsel was ineffective for failing to object to the prosecutor's request for a role enhancement at sentencing. The record reflects that Arnold's attorney successfully opposed the enhancement. As Arnold has failed to show that his trial counsel per-

formed ineffectively, we deny relief. *See Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).[1]

AFFIRMED.

---

1. Arnold's motion to supplement the record is denied.

** This disposition is not appropriate for publication and may not be cited to or by the