UNITED STATES of America,
Plaintiff–Appellee,

v.

Alfredo Leon PENN–HARRIS,
Defendant–Appellant.

No. 01–35237.

D.C. Nos. CV–00–01164–HA,
CR–98–00487–HA.

United States Court of Appeals,
Ninth Circuit.

Submitted March 11, 2002.*

Decided March 20, 2002.

Before FARRIS, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM **

Alfredo Leon Penn–Harris appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion.[1] Penn–Harris challenges his guilty plea conviction and 100–month sentence for distribution of cocaine base and possession of cocaine base with intent to distribute, both in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, see United States v. Baker, 256 F.3d 855, 859 (9th Cir.2001), and we affirm.

Penn–Harris contends that his counsel rendered ineffective assistance by erroneously advising him that under the plea agreement, the maximum sentence he would receive was 60 months. He further contends that as a result of counsel's ineffectiveness, his guilty plea was not knowing and voluntary. We disagree.

Because counsel's advice was not based on a gross mischaracterization of the likely outcome, counsel's performance did not fall below an objective standard of reasonableness. See Strickland v. Washington, 466 U.S. 668, 687–92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); United States v. Keller, 902 F.2d 1391, 1394 (9th Cir.1990). Moreover, Penn–Harris was repeatedly informed that his actual sentence would be within the sole discretion of the district court notwithstanding any predictions or agreements of the parties, and he acknowledged that the maximum sentence of 40 years could be imposed. He was not therefore prejudiced by counsel's alleged deficient performance. See Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990); United States v. Garcia, 909 F.2d 1346, 1348 (9th Cir.1990).

AFFIRMED.[2]

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. The Clerk is directed to conform the docket for this case to the caption set forth above.

2. Penn–Harris' motion to supplement the record is denied as moot.