**Howard COLLINS, Petitioner–Appellant,**

v.

**Dan JOHNSON, Superintendent, Respondent–Appellee.**

No. 01–35585.

D.C. No. CV 98–00508–AJB.

United States Court of Appeals, Ninth Circuit.

Argued March 5, 2002.

Submitted April 16, 2002.

Decided May 1, 2002.

---

Before B. FLETCHER, O'SCANNLAIN, and BERZON, Circuit Judges.

MEMORANDUM [*]

Howard Collins appeals from the district court's denial of his petition for habeas corpus relief under 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. § 2253, and review the district court's denial of a habeas petition *de novo. Alvarado v. Hill*, 252 F.3d 1066, 1068 (9th Cir. 2001). We affirm.

Collins' habeas petition was filed April 22, 1998, and is governed by the Antiter-rorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). In order to succeed, Collins must demonstrate that the state court adjudication of his claims on their merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Van Tran v. Lindsey*, 212 F.3d 1143, 1149 (9th Cir.) *cert. denied*, 531 U.S. 944, 121 S.Ct. 340, 148 L.Ed.2d 274 (2000).

In light of the recent Supreme Court decision in *Mickens v. Taylor*, —— U.S. ——, 122 S.Ct. 1237, 152 L.Ed.2d 291 (2002), we conclude that Collins' claims must fail.

Because the parties are familiar with the facts, we recite here only those facts necessary to explain our decision.

Collins was indicted in Deschutes County on multiple counts of sexual abuse and sodomy involving, *inter alia*, two minor children of Collins' former girlfriend, Ms. Holmes. Collins pled no contest to one count of Sexual Abuse in the First Degree, for incidents involving one child, and one count of Sodomy in the First Degree, for incidents involving the other.

At Collins' sentencing hearing, Collins' attorney, Peterson, began his presentation by informing the court that he had recently changed employment and had opened a new practice associated with "AccuLaw." [1]

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.

1. Peterson submitted documents to the court explaining the structure of "AccuLaw": five shareholders, each an independent attorney in private practice, shared law practice resources, *e.g.* offices, phone services, and support staff, owned by AccuLaw, P.C.. The district court did *not decide* whether to accept them as evidence, on the grounds that Collins failed to establish his claim of ineffective assistance. Peterson formally associated with AccuLaw on March 31, 1995. Collins' plea

In aid of his investigation on Collins' behalf in Collins' criminal case, Peterson had met on separate occasions with the minor victims, their mother, and her attorney in a custody proceeding, Nancy Borneman. This investigation was done before Peterson joined AccuLaw. Peterson explained to the court that Borneman was also a member of AccuLaw, but that he and Borneman never discussed Collins' case as it related to Holmes, nor had he looked at any of Borneman's files since joining AccuLaw. Peterson stated that he believed no conflict was created as a result of his new employment with AccuLaw.

After this disclosure, neither Collins nor the court made any comment, and Peterson began advocating for Collins' downward departure. The court imposed a sentence of 60 months imprisonment on the sexual abuse conviction and 200 months imprisonment on the sodomy conviction to be served consecutively. Collins is currently serving his 260 month sentence.

Collins' state petition for post-conviction relief was denied in relevant part, the state trial court having found that Collins failed to meet the *Strickland* standard for ineffective assistance. That denial was affirmed by the state court of appeals, without comment, and the Oregon supreme court denied review.

Collins filed his federal habeas petition under 28 U.S.C. § 2254. In his amended petition, Collins contended that trial counsel provided ineffective assistance because of a conflict of interest that began when his counsel changed employment and joined AccuLaw. An actual conflict existed, argued Collins, because the victims' mother's interests were directly opposed to his own during the pendency of his criminal prosecution, and another AccuLaw attorney, Borneman, represented the victims' mother in her custody proceeding. Collins noted that his counsel did not reveal the conflict of interest until the sentencing proceedings.

The district court held that although the conflict rules applied to the situation at issue, that is, Collins and Holmes *were* employed by the same "law firm," however unconventional its structure,[2] there was no conflict placing Collins' interests directly in opposition to the victims' mother's interest. Therefore, the district court held that the state court decision denying habeas relief to Collins was neither contrary to, nor an unreasonable application of, *Strickland* and its progeny.

Collins filed a timely notice of appeal and a request for a certificate of appealability. We granted a COA, certifying for appeal the question of whether Collins "was deprived of his Sixth and Fourteenth Amendment right to effective assistance of counsel when trial counsel failed to disclose a possible (actual) conflict of interest manifested by another attorney in his office representing the mother of the alleged victim of Collins' conduct prior to his entry of [no contest] guilty pleas."

The Sixth Amendment guarantee of effective assistance of counsel includes the right to counsel of undivided loyalty. *Wood v. Georgia*, 450 U.S. 261, 271–72, 101 S.Ct. 1097, 67 L.Ed.2d 220 (1981); *United States v. Baker*, 256 F.3d 855, 859–860 (9th Cir.2001) (citing *United States v. Mett*, 65 F.3d 1531, 1534 (9th Cir.1995)). To prevail on an ineffective assistance of counsel

---

was entered February 1, 1995, and he was sentenced on June 21, 1995.

**2.** The district court found that under the Oregon Code of Professional Responsibility, "when lawyers join a professional corpora-

tion as shareholders to engage in the practice of law, they are part of the same law firm." (citing Oregon Code of Prof. Resp., D.R. 10–101(A)–(C)).

claim based upon conflict of interest, Collins must show that "an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan,* 446 U.S. 335, 350, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). Unless Collins can "show[ ] that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance." *Id.,* 446 U.S. at 349–50, 100 S.Ct. 1708, since a "reviewing court cannot presume that the possibility for conflict has resulted in ineffective assistance of counsel." *Id.* at 348, 100 S.Ct. 1708. He must "demonstrate an actual conflict, not the mere possibility of conflict, through a factual showing on the record." *Baker,* 256 F.3d at 860 (citation and internal quotation marks omitted); *see also Bonin v. Calderon,* 59 F.3d 815, 826 (9th Cir.1995) (holding "[petitioner] must show that his interests actually came into direct conflict with those of [counsel]").

In *Mickens,* the Court extended *Cuyler's* "actual conflict" standard to those cases where the trial court knew, or should have known, that the potential for conflict existed and failed to make an inquiry. The Court further held that even where the trial court, on notice of a potential conflict, fails to inquire, a petitioner must "establish that the conflict of interest adversely affected his counsel's performance." *Id.,* —— U.S. at ——, 122 S.Ct. at 1245. The Court explicitly rejected the "automatic reversal" rule proposed by petitioner, and embraced by our court in *Campbell v. Rice,* 265 F.3d 878, 884–888 (9th Cir.2001), requiring reversal whenever the trial judge fails to inquire into a potential conflict of interest which the court knows, or reasonably should know, exists. *Mickens,* —— U.S. at ——, 122 S.Ct. at 1244.

Applying *Mickens,* we conclude that Collins failed to establish that the potential conflict of interest created by his counsel's employment at AccuLaw adversely affected his counsel's performance.

AFFIRMED.