**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-16939 |
| Plaintiff - Appellee, | D.C. Nos. CV-07-00057-LRH |
| v. | CR-05-00033-1-LRH |
| JOSE MANUEL ARECHIGA-RAMIREZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted February 16, 2010[**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Jose Manuel Arechiga-Ramirez appeals pro se from the district court's

judgment denying his 28 U.S.C. § 2255 motion.  We have jurisdiction pursuant to

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

DRS/Research

28 U.S.C. § 2253, and we affirm.

Arechiga-Ramirez contends that his appellate counsel was ineffective for failing to advise him of his right to petition the Supreme Court for a writ of certiorari. A federal defendant's right to effective assistance of counsel on appeal is grounded in the Due Process Clause of the Fifth Amendment. *See United States v. Baker*, 256 F.3d 855, 859 n.2 (9th Cir. 2001). The Supreme Court has held that this right does not extend to the filing of a petition for a writ of certiorari. *See Ross v. Moffitt*, 417 U.S. 600, 617-18 (1974); *see also Miller v. Keeney*, 882 F.2d 1428, 1433 (9th Cir. 1989) (recognizing that "the Supreme Court has interpreted the due process clause as not comprehending a right to counsel, and thus not including a right to the effective assistance of counsel, for the filing of certiorari petitions"). Counsel's failure to advise Arechiga-Ramirez regarding his right to file such a petition therefore did not violate his constitutional rights. Moreover, Arechiga-Ramirez has failed to demonstrate that he suffered any prejudice as a result.

We construe the additional arguments in the opening and reply briefs as a motion to expand the certificate of appealability. So construed, the motion is denied. *See* 9th Cir. R. 22-1(e); *see also Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (per curiam).

**AFFIRMED.**