**NOT FOR PUBLICATION**

FEB 27 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>JOSE REFUGIO DOMINGUEZ-MEJIA,<br><br>Defendant - Appellant. | No. 11-50488<br><br>D.C. No. 3:10-cr-02341-JM-1<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, Senior District Judge, Presiding

Submitted February 5, 2013[**]
Pasadena, California

Before: PREGERSON, W. FLETCHER, and NGUYEN, Circuit Judges.

Defendant Jose Dominguez-Mejia appeals his conviction and sentence

following a guilty plea to attempted illegal reentry after deportation under 8 U.S.C.

§ 1326.  We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review de novo whether a defendant was denied the right to conflict-free representation. *United States v. Baker*, 256 F.3d 855, 859 (9th Cir. 2001). We also review de novo whether a defendant's guilty plea was voluntary. *United States v. Navarro-Botello*, 912 F.2d 318, 320 (9th Cir. 1990). We review for plain error Dominguez's claim that the district court's plea colloquy violated Federal Rule of Criminal Procedure 11. *United States v. Barraqan-Espinoza*, 350 F.3d 978, 982 (9th Cir. 2003). Plain-error review in the Rule 11 context requires the defendant to "show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004).

First, Dominguez's attorney at the plea hearing did not have a conflict of interest. A conflict of interest is "the existence of competing interests potentially affecting counsel's capacity to give undivided loyalty to his client's interests." *United States v. Moore*, 159 F.3d 1154, 1158 (9th Cir. 1998). Here, Dominguez concedes that his attorney acted in good faith and solely in Dominguez's interests. There was therefore no conflict of interest. *See id.* The fact that Dominguez's attorney assisted him in entering a voluntary guilty plea does not create a conflict.

Second, Dominguez's guilty plea was knowing and voluntary. "A plea is voluntary if it represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *United States v. Kaczynski*, 239 F.3d

2

1108, 1114 (9th Cir. 2001) (internal quotation marks omitted). We reject Dominguez's contention that a purported conflict of interest with his attorney rendered his plea involuntary. Moreover, under the totality of the circumstances, Dominguez's guilty plea was knowing and voluntary. *See id.* Dominguez was advised by counsel and had the assistance of a Spanish language interpreter. The court clearly instructed him on the elements of the offense, which he acknowledged. There is no evidence that he was confused or coerced.

The plea colloquy also satisfied Rule 11(b)(1)(G), which requires the court to inform the defendant of "the nature of each charge to which the defendant is pleading." Dominguez argues that the colloquy was inadequate because the judge read the elements of the offense to him and he merely acknowledged that he understood them. But Dominguez has cited no applicable authority requiring that a defendant describe the crime in his own words.

Finally, the plea colloquy satisfied Rule 11(b)(3), which requires the court to "determine that there is a factual basis for the plea." Dominguez's attorney recited the facts underlying the offense, and Dominguez agreed that the facts were stated correctly. Dominguez acknowledged that he approached the port of entry and presented his former permanent-resident card — knowing it was invalid — with the intent to reenter the country without government consent. This description

3

provided a factual basis for the essential elements of a § 1326 offense. *See United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1196 (9th Cir. 2000) (en banc); *United States v. Mancinas-Flores*, 588 F.3d 677, 682 (9th Cir. 2009) ("[A] court . . . may conclude that a factual basis exists from anything that appears on the record." (internal quotation marks omitted)).

**AFFIRMED.**