**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50220 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-01170-MWF-1 |
| v. | |
| ADELINE EKWEBELEM, AKA Maduabuchi, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted October 5, 2016
Pasadena, California

Before: REINHARDT, WARDLAW, and OWENS, Circuit Judges.

Adeline Ekwebelem appeals her conviction and sentence for one count of

conspiracy to commit health care fraud, twelve counts of health care fraud, and

three counts of illegal remunerations for health care referrals. We have jurisdiction

under 28 U.S.C. § 1291. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1. The trial court did not err in holding that the "bona fide employment relationship" safe harbor described in 42 U.S.C. § 1320a-7b(b)(2)-(3) is an affirmative defense. The safe harbors are not mandatory for legal compliance but rather describe certain per se legal activities. A contrary holding would lead to absurd indictments requiring the government to plead the negative of every enumerated safe harbor, even if it bore no connection to the facts. Furthermore, even if the trial court erred in instructing the jury, any such error was harmless because the evidence at trial established beyond a reasonable doubt that the marketers whom Ekwebelem hired were independent contractors and thus fell outside the safe harbor.

2. The trial court did not plainly err in accepting the government's proffered race-neutral reasons for striking Juror No. 3. First, it was not unreasonable for the prosecution to distinguish Juror No. 3 from Juror No. 7, because Juror No. 3 might have missed two days of trial, while Juror No. 7 might have missed one. Second, Juror No. 3's statement that her negative experiences with Medicare would cause her to view the government's case "cautiously" was a reasonable basis for the government's concern about Juror No. 3's ability to be impartial.

3. The reference to Ekwebelem speaking "Nigerian" did not constitute plain error. This unsolicited reference to "Nigerian" was not an "appeal[ ] to racial,

2

ethnic, or religious prejudice" and did not "encourage[ ] the jury to convict the defendant[ ] on the basis of [her] membership in a particular ethnic group, rather than on the strength of the government's case." *United States v. Nobari*, 574 F.3d 1065, 1073-75 (9th Cir. 2009) (quoting *United States v. Cabrera*, 222 F.3d 590, 594 (9th Cir. 2000)).  Nor did this reference "affect[ ] the outcome of the district court proceedings" or "seriously affect[ ] the fairness, integrity or public reputation" of the proceedings, *United States v. Marcus*, 560 U.S. 258, 262 (2010) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)), particularly in light of the overwhelming evidence against Ekwebelem.  Accordingly, this testimony did not violate Ekwebelem's constitutional rights.

4.  The trial court did not plainly err by admitting evidence of default notices against Ekwebelem's real properties, because they were admitted as "evidence of a specific and immediate financial need," *United States v. Bensimon*, 172 F.3d 1121, 1129 (9th Cir. 1999), and thus were relevant to showing defendant's motive.

5.  The record evidence does not support Ekwebelem's claim that her trial counsel labored under an "actual conflict of interest" that "adversely affected [his] performance." *United States v. Baker*, 256 F.3d 855, 860 (9th Cir. 2001) (quoting *United States v. Moore*, 159 F.3d 1154, 1157 (9th Cir. 1998)).  Furthermore, her trial counsel's decision not to cross-examine certain witnesses was a reasonable

3

strategic decision. *See United States v. Murray*, 751 F.2d 1528, 1535 (9th Cir. 1985) (the "fail[ure] to cross-examine some witnesses . . . is a reasonable tactical decision"). In any event, Ekwebelem expressly waived this claim by oral consent prior to the start of trial.

**AFFIRMED.**