**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRUCE BIRCH,<br><br>                    Petitioner-Appellant,<br><br>v.<br><br>RENEE BAKER, Warden,<br><br>                    Respondent-Appellee. | No.   15-17429<br><br>D.C. No.<br>2:11-cv-00516-GMN-CWH<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Submitted September 13, 2017[**]
San Francisco, California

Before:  SCHROEDER and TALLMAN, Circuit Judges, and WHALEY,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

Petitioner Bruce Birch appeals the district court's order denying his petition for writ of habeas corpus under 28 U.S.C. § 2254. We review *de novo*. *Hedlund v. Ryan*, 854 F.3d 557, 565 (9th Cir. 2017). Habeas relief may not be granted unless the state court's "last reasoned decision" adjudicating the merits of the claim—in this case, the Nevada Supreme Court decision—is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see also Amado v. Gonzalez*, 758 F.3d 1119, 1130 (9th Cir. 2014). We affirm.

Birch argues that he was denied his Sixth Amendment right to effective assistance of counsel based on an "actual conflict of interest" with his lawyer, Bruce Lindsay. To establish a Sixth Amendment violation, a petitioner must show that (1) his lawyer "actively represented conflicting interests," and (2) the "actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 348, 350 (1980); *see also United States v. Baker*, 256 F.3d 855, 860 (9th Cir. 2001).

Birch claims that an "actual conflict of interest" arose, after Birch spat on Lindsay's face during pretrial proceedings and stabbed Lindsay's hand with a pencil during one of his trials. However, the Supreme Court has only recognized "actual conflicts of interest" in joint representation cases, whereby an attorney

represents multiple clients with divergent interests. *See, e.g.*, *Mickens v. Taylor*, 535 U.S. 162, 166–69 (2002); *Holloway v. Arkansas*, 435 U.S. 475, 487–90 (1978); *Glasser v. United States*, 315 U.S. 60, 75–76 (1942), *superseded by rule on other grounds*, *Bourjaily v. United States*, 483 U.S. 171 (1987). Further, the record does not reflect that any alleged conflict of interest "adversely affected" Lindsay's performance. Despite the spitting and stabbing incidents, Lindsay continued to zealously represent Birch during two trials and sentencing. Therefore, the Nevada Supreme Court's decision was not contrary to clearly established federal law.

**AFFIRMED.**