NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 21 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PAUL WAGNER,

Defendant - Appellant.

No. 22-15925

D.C. No.
2:10-cr-00399-MMD-GWF-1
2:19-cv-01540-MMD

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Submitted May 17, 2024[**]
San Francisco, California

Before: S.R. THOMAS, CALLAHAN, and SANCHEZ, Circuit Judges.

Defendant-Appellant Paul Wagner appeals the district court's denial of his

motion to vacate, set aside, or correct his sentence for bank and wire fraud

pursuant to 28 U.S.C. § 2255.  Wagner alleges that he was denied his Sixth

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Amendment right to conflict-free counsel because his trial attorney, Lawrence J. Semenza, was under investigation for tax evasion while he was representing Wagner, and the district court erred by declining to hold a hearing on his § 2255 motion. We have jurisdiction under 28 U.S.C. § 2253. We affirm.

A district court's decision to deny a motion under § 2255 is reviewed de novo. *See United States v. Rodriguez*, 49 F.4th 1205, 1211 (9th Cir. 2022). "A district court's decision to deny an evidentiary hearing on a § 2255 motion is reviewed for abuse of discretion." *Id*. (citing *United States v. Chacon-Palomares*, 208 F.3d 1157, 1158-59 (9th Cir. 2000)).

1.      The Sixth Amendment guarantees criminal defendants the effective assistance of counsel, including the "right to conflict-free counsel." *United States v. Baker*, 256 F.3d 855, 859 (9th Cir. 2001) (citation omitted). To prevail on a Sixth Amendment claim based on a conflict of interest, a defendant must show that "an actual conflict of interest adversely affected his lawyer's performance." *See Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980). "An attorney has an actual, as opposed to a potential, conflict of interest when, during the course of the representation, the attorney's and the defendant's interests diverge with respect to a material factual or legal issue or to a course of action." *Baker*, 256 F.3d at 860 (citation omitted). To establish an adverse effect, a defendant must show "that some plausible alternative defense strategy or tactic might have been pursued but

2

was not and that the alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests." *United States v. Walter-Eze*, 869 F.3d 891, 901 (9th Cir. 2017) (citation omitted).

Wagner has failed to establish that the criminal investigation into Semenza created an actual conflict of interest that adversely affected Semenza's performance.[1] Wagner "must demonstrate an actual conflict, not the mere possibility of conflict, 'through a factual showing on the record.'" *Baker*, 256 F.3d at 860 (quoting *United States v. Moore*, 159 F.3d 1154, 1157 (9th Cir. 1998)). While Wagner was being prosecuted by the Nevada United States Attorney's Office (USAO), Semenza was under investigation by the Internal Revenue Service for tax evasion. Wagner speculates that Semenza, as a former United States Attorney, knew that the USAO would eventually handle his prosecution for tax evasion. Accordingly, Wagner postulates that Semenza was likely motivated to ingratiate himself with the Nevada USAO, prolong Wagner's trial, and direct his attention to his own legal troubles. Wagner's arguments demonstrate a possibility of conflict, but not an "actual" one. *See Baker*, 256 F.3d at 860.

---

[1] Wagner requests that the Court take judicial notice of the plea and judgment in Semenza's criminal case and a press release announcing Semenza's sentence. Wagner's request for judicial notice is denied because "the materials [] are not relevant to the disposition of this appeal." *Cuellar v. Joyce*, 596 F.3d 505, 512 (9th Cir. 2010).

3

Wagner also fails to demonstrate that Semenza's performance was adversely affected by any alleged conflict. "The central question that we consider in assessing a conflict's adverse effect is what the advocate found himself compelled to refrain from doing because of the conflict." *Walter-Eze*, 869 F.3d at 901 (citation omitted) (cleaned up). Wagner does not point to any "plausible alternative defense strateg[ies] or tactic[s]" Semenza might have pursued in the absence of the alleged conflict. *See id.* Instead, Wagner contends that Semenza performed limited work on his case, failed to adequately advise him about a plea agreement, did not prepare for trial, and "squandered precious time and money" on an expert witness. However, there is no evidence that Semenza's conduct was connected in any way to the criminal investigation into his tax evasion. We "cannot hold based on speculation that [the alleged conflict] was the cause of any inaction[]" by Semenza. *See Bragg v. Galarza*, 242 F.3d 1082, 1087 (9th Cir. 2001).

2.     A district court may deny a § 2255 motion without an evidentiary hearing "if the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989) (citations omitted). As explained above, Wagner's allegations, viewed against the record, satisfy neither prong of the test for a Sixth Amendment claim based on a

4

conflict of interest. Because "the files and records conclusively demonstrate" that Wagner "is not entitled to relief" on his conflict-of-interest claim, the district court did not abuse its discretion by declining to hold an evidentiary hearing on his § 2255 motion. *See Molina v. Rison*, 886 F.2d 1124, 1132 (9th Cir. 1989) (citation omitted).

**AFFIRMED.**