**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Allen L. STREIT, Defendant–Appellant.**

**No. 93–10333.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 27, 1993 *.

Decided Feb. 28, 1994.

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34–4.

Stanley M. Slonaker, Phoenix, Arizona, for defendant-appellant.

Linda C. Boone, Assistant United States Attorney, Phoenix, Arizona, for plaintiff-appellee.

Before: GOODWIN, NORRIS, and THOMPSON, Circuit Judges.

**PER CURIAM:**

Allen L. Streit appeals for the second time his sentence under the Sentencing Guidelines, following our remand for resentencing. We affirmed his conviction for assault on a federal officer and for using or carrying a firearm during a crime of violence, in *United States v. Streit*, 962 F.2d 894 (9th Cir.1992).

The facts and procedural history are contained in the published opinion. The only questions now before this court are whether the trial judge should have recused himself; and whether the trial judge correctly applied the sentencing guidelines as required by the judgment in the first appeal.

### Motion to Disqualify Judge

When the case was called for resentencing, Streit filed a motion to disqualify the judge for bias. We have examined the record and find no evidence of bias against this particular appellant. We do find a disposition on the part of the judge to impose a new sentence as close to the original sentence as possible within the guidelines applicable to the case. The decision of this court made it clear that the judge was free to impose such a sentence, provided the sentence proceedings and results were consistent with the guidelines.

Nothing in the record in this case would support a finding that the trial judge was biased against this defendant. The trial judge's displeasure with the sentencing guidelines, and with this court's frequent remands for compliance with them, is well documented, but the record reveals no personal animus toward the appellant.

### The Resentencing

Counts I and II of the indictment charged Streit with violations of 18 U.S.C. §§ 111 and 1114, (two assaults on two federal officers). Counts III and IV charged Streit with violations of 18 U.S.C. § 924(c), using or carrying a firearm during a crime of violence, in relation to his commission of the offenses alleged in Counts I and II.

The district court originally sentenced Streit to consecutive three-year prison terms on Counts I and II, a statutory minimum

five-year prison term on Count IV to be served consecutive to the assault sentences, three years of supervised release, and a $150 special assessment. That sentence was vacated because the court, inter alia, did not properly state reasons for an upward departure from criminal history category VI to "criminal history Roman numeral IX." The sentencing court, whether intending to do so or not, left the impression that it was sentencing Streit for an aggravated assault of which the trial jury had not convicted him.

### The New Sentence: Offense Level

Based on the jury verdict of guilty of obstructing or impeding an officer, the court turned to Base Offense Level guideline § 2A2.4(a) and arrived at offense level 6. The court then added 3 offense level points for striking, beating, or wounding, for an offense level of 9. The court then considered that the jury had convicted Streit of two counts, because he injured two officers, and added two points, bringing the offense level to 11. Because of the impressive violent criminal history Streit had amassed during his intervals of freedom, he was correctly classified as a career offender pursuant to § 4B1.1 of the guidelines. His criminal history became VI and his offense level was automatically raised to twelve under § 4B1.1(G).

Looking at a sentence based on an offense level of 12 and a criminal history category of 6, the sentencing court recalled that one of the wounds inflicted by Streit had taken nine months to heal, and in the exercise of its discretion decided that the offense level should be increased by two more points for a total of 14. Streit argues on this appeal that the court abused its discretion in adding these points to the offense level, as well as in departing upward in the criminal history category. We hold that there was no abuse of discretion in the two point increase in the offense level because of the serious injuries suffered by both victims. We turn next to the criminal history question.

### The New Sentence: Criminal History

On this appeal, Streit argues that the court had no discretion to increase the criminal history above category VI provided for career criminals. Prior to the promulgation of the Sentencing Guidelines, an appellate court would have considered the complaint of one who had been convicted in a period of twelve years of first degree murder, five different armed robberies, two burglaries, a kidnapping, and numerous auto thefts that his criminal history category had been significantly exaggerated by the sentencing judge some sort of a morbid jest. But Streit is making that claim in this appeal.

The experienced trial judge, who was admittedly hostile to the guidelines, conscientiously believed that the criminal history category of VI grossly under-represented the defendant's prior criminal conduct and recidivist tendencies. We agree. The trial judge's attempt to impose a suitable sentence within the guidelines perhaps could have been expressed more elegantly than it was, but the record shows that the judge took into consideration all of the elements we mentioned in our opinion remanding the case.

In determining Streit's sentence, the district court correctly applied the offense guidelines and correctly, if not cheerfully, articulated reasons for the upward departure pursuant to Chapter 5 of the guidelines in criminal history category. We find no abuse of discretion in the sentence ultimately imposed.

**AFFIRMED.**