**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Manuel RUIZ–ALVAREZ,**
**Defendant–Appellant.**

No. 96–17272.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 14, 2000.

Filed April 25, 2000.

As Amended May 22, 2000.

Daniel R. Schiess, Assistant United States Attorney, Las Vegas, Nevada (argued), and Camille W. Dunn, Assistant United States Attorney, Las Vegas, Nevada (on the brief), for the plaintiff-appellee.

Before: ALARCON, TASHIMA and SILVERMAN, Circuit Judges.

SILVERMAN, Circuit Judge:

The defendant was convicted of several charges and received a sentence totaling 360 months. In a previous appeal, one conviction was reversed, the others affirmed. The question posed now is whether the district court had the authority to resentence the defendant anew on the affirmed counts even though the appellate decision did not specifically remand the case for resentencing. We hold that when the previous panel vacated the conviction on one count and affirmed the convictions on the remaining counts, Ruiz–Alvarez's sentencing package became "unbundled," jurisdiction revested in the district court, and the district court had the authority to resentence Ruiz–Alvarez in a manner not inconsistent with the decision despite the absence of "remand" language.

## I. Background

Ruiz–Alvarez plead guilty to two counts of distribution of controlled substances and was found guilty by a jury of a third count of distribution of a controlled substance, conspiracy to distribute controlled substances, possession of a controlled substance with intent to distribute and continuing criminal enterprise. For the six counts, he was sentenced to a total of 360 months. Another panel of this court affirmed Ruiz–Alvarez's conspiracy and drug convictions but reversed his conviction for

John J. Graves, Graves, Leavitt, Cawley & Koch, Las Vegas, Nevada, for the defendant-appellant.

continuing criminal enterprise. The last paragraph of the memorandum disposition reads: "We REVERSE Ruiz–Alvarez's conviction for engaging in a continuing criminal enterprise (Count I). We AFFIRM on all other counts." *United States v. Ruiz–Alvarez,* Nos. 92–10259, 92–10449, 92–10260, 92–10273, 1993 WL 341037, at \*18 (9th Cir. Sept.8, 1993).

After the panel decision was handed down, the parties entered into a written stipulation that the defendant be resentenced.[1] This time, however, Ruiz–Alvarez received a four-level sentencing enhancement for being an organizer of criminal activity involving five or more participants pursuant to Sentencing Guideline 3B1.1.[2] He was not subject to this enhancement the first time around because he had been convicted of continuing criminal enterprise, which already takes that into account. The five counts that were affirmed put Ruiz–Alvarez at a base offense level of 38. The four-level enhancement bumped Ruiz–Alvarez to an offense level of 42, which has a guideline range of 360 months to life. The district court again sentenced Ruiz–Alvarez to 360 months.

Ruiz–Alvarez filed an untimely "Notice of Appeal and Motion for Leave to File Out of Time." In response, the district court ordered the notice of appeal stricken and advised Ruiz–Alvarez to file a § 2255 motion, which he eventually did.

In ruling on the § 2255 motion, the district court agreed that counsel was ineffective for having failed to file a notice of appeal. The court therefore vacated the judgment of conviction, reentered the judgment of conviction and resentenced Ruiz–Alvarez, all so that he could re-file a timely notice of appeal. The district court concluded that the remaining issues raised in the § 2255 motion (those going to the correctness of the sentence) could be raised on direct appeal and declined to consider them. Ruiz–Alvarez appeals both the partial denial of the § 2255 motion and his new sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## II. Discussion

### A. Ineffective Assistance of Appellate Counsel

It is undisputed that Ruiz–Alvarez's counsel was ineffective for failing to file a timely notice of appeal in this case. Prejudice is presumed because Ruiz–Alvarez asserts that he did not waive his appeal, an assertion supported by his at-

---

1. The parties stipulated as follows:

   1. Pursuant to the opinion of the Ninth Circuit Court of Appeals filed December 3, 1993, the conviction against the defendant on Count I for Continuing Criminal Enterprise (CCE) was reversed and should be dismissed.
   2. The defendant should be re-sentenced with respect to Counts 2, 3, 4, 5, and 6 in this case so that the Probation Department can re-evaluate the defendant's sentencing in light of the dismissal of the CCE count. The parties should have an opportunity to file their respective positions with the Court and the Probation department and the Court should consider the parties respective positions in calculating the defendant's sentence.
   3. The government and the defendant therefore request that the Court set a new sentencing date and order that the Government have defendant returned to the District of Nevada for re-sentencing. Ad-

ditionally, the Government and the defense request that the Probation Department be ordered to revise its Presentence Report, taking into account the dismissal of the CCE charge in Count I, and make a new recommendation to the Court as to what effect, if any, such dismissal should have with respect to the defendant's sentence.
   4. The Government and the defendant request that the Court set a date by which their respective positions must be submitted to the Probation Department, a subsequent date by which the amended Presentence Report be filed, and a final date by which the parties' final sentencing memoranda must be filed with the Court. Following such procedure the matter will be ready for re-sentencing.

2. That adjustment was consistent with the appellate finding that Ruiz–Alvarez supervised up to ten persons. *Ruiz–Alvarez,* 1993 WL 341037, \*8–9.

tempted pro se filing of a late notice of appeal. *United States v. Stearns,* 68 F.3d 328, 329–30 (9th Cir.1995). However, the district court corrected the problem by vacating the existing judgment and officially reentering it so that a timely notice of appeal could be filed. Ruiz–Alvarez argues that the district court abused its discretion by merely vacating and reentering judgment and not also considering the remaining issues raised in the § 2255 motion. He argues that the district judge should have conducted an evidentiary hearing on the merits of all of the claims raised in the § 2255 motion and made findings of fact and conclusions of law. Far from abusing its discretion, the district court followed the procedure we recommended in *Stearns. See id.* at 330–31. There is no error here.

**B. District Court's Jurisdiction to Resentence Ruiz–Alvarez After Reversal of a Conviction**

■ Ruiz–Alvarez argues that the district court lacked jurisdiction to resentence him after the other panel reversed his continuing criminal enterprise conviction because, he argues, this court did not explicitly remand the case for resentencing. Whether a district court has jurisdiction is a question of law that we review de novo. *United States v. Yacoubian,* 24 F.3d 1, 3 (9th Cir.1994).

■ A district court's authority to resentence defendants must "flow" from a court of appeals mandate or Federal Rule of Criminal Procedure 35. *United States v. Handa,* 110 F.3d 42, 43 (9th Cir.1997), *quoting United States v. Minor,* 846 F.2d 1184, 1187 (9th Cir.1988). Once a mandate issues, however, jurisdiction over a criminal case *automatically* revests in the district court. This point is illustrated in *United States v. Cote,* 51 F.3d 178, 182 (9th Cir.1995). In *Cote,* the district court concluded that it lacked the authority to retry the defendants after reversal of their convictions because the decisions and mandates did not explicitly remand the cases

for new trial. *Id.* at 180. We held that jurisdiction in a criminal case revests with a district court once the mandate issues and that it may consider and decide any matters left open by the mandate. Thus, we concluded "unless the reversing court indicates in its mandate or opinion that a retrial is prohibited by double jeopardy or a similar infirmity, a second trial is appropriate." *Id.* at 182; *see also United States v. Washington,* 172 F.3d 1116, 1118 (9th Cir.1999) (the mandate "is controlling as to all matters within its compass, but leaves to the district court any issue not expressly or impliedly disposed of on appeal.").

■ Although the panel in this case did not explicitly remand for resentencing, resentencing was not inconsistent with the panel's decision, as both sides recognized when they stipulated to resentencing upon return of the case to district court. Under *Cote,* the case was properly back before the district court.

■ The next question is whether the defendant should have been sentenced anew or whether, as Ruiz–Alvarez argues, the district court simply should have deleted the portion of the previous sentence attributed to the reversed count. We conclude that the district court properly recalculated the sentence. When a defendant is sentenced on multiple counts and one of them is later vacated on appeal, the sentencing package comes "unbundled." The district court then has the authority " 'to put together a new package reflecting its considered judgment as to the punishment the defendant deserve[d] for the crimes of which he [wa]s still convicted.' " *United States v. McClain,* 133 F.3d 1191, (9th Cir.1998), *quoting Handa,* 122 F.3d at 692; *United States v. Barron,* 172 F.3d 1153, 1160 (9th Cir.1999) (en banc).

In *Barron,* the defendant plead guilty to one count of felon in possession of a firearm, one count of possession of cocaine with intent to distribute and one count of possession of a firearm in relation to a drug trafficking crime in violation of 18

U.S.C. § 924(c). *Barron*, 172 F.3d at 1155. Three years later the Supreme Court held in *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), that use of a gun for purposes of § 924(c) meant "active employment" of the firearm in relation to the drug offense. Because his gun had been concealed in a safe, Barron moved to vacate his § 924(c) conviction and sentence. *Barron*, 172 F.3d at 1156. We held that when the district court vacates a conviction, it may recalculate and resentence the defendant on the counts of the conviction that still stand. We stated:

> In *United States v. Handa* [122 F.3d 690 (9th Cir.1997)] we embraced the packaging metaphor as enunciated by the Seventh Circuit and adopted by the District of Columbia, First, Third, Fourth, Fifth, and Eighth Circuits. 122 F.3d at 691–92. We held that the "broad and flexible power" conferred by § 2255 authorized the district court, after setting aside an invalid conviction, to resentence on the remaining crimes of which the defendant stands convicted. *Id.* at 691. We do not repudiate this holding; rather we affirm it so that the district court may vacate the judgment and resentence Barron on the two counts of conviction that still stand, taking into account any relevant enhancement under the Sentencing Guidelines.

*Id.* at 1160.

In Ruiz–Alvarez's previous appeal, the court did not in any way prohibit resentencing of him either in its memorandum disposition or mandate. Thus, the district court acted within its authority when it resentenced anew on the affirmed convictions.

### C. Due process claim

■ Ruiz–Alvarez argues that the district court violated his right to due process by resentencing him to the same sentence he had received prior to reversal of his continuing criminal enterprise conviction. Due process of law is violated when a court imposes a more severe sentence against a defendant for having successfully pursued an appeal. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). No due process violation occurred in this case because the district court resentenced Ruiz–Alvarez to the same sentence, not a more severe one. *Pearce*, 395 U.S. at 717, 89 S.Ct. 2072; *Smith*, 490 U.S. at 798, 109 S.Ct. 2201.

### D. Double Jeopardy

■ Ruiz–Alvarez argues that the district court violated the Double Jeopardy Clause by resentencing him. We review double jeopardy claims de novo. *United States v. McClain*, 133 F.3d 1191, (9th Cir.), *cert. denied*, 524 U.S. 960, 118 S.Ct. 2386, 141 L.Ed.2d 752 (1998). Resentencing following appeal does not violate the bar against double jeopardy because a defendant has no legitimate expectation of finality in a sentence that he places in issue by appealing it. *United States v. Moreno–Hernandez*, 48 F.3d 1112, 1116 (9th Cir.1995); *Handa*, 110 F.3d at 44; *McClain*, 133 F.3d at 1194.

### E. Effective Assistance of Counsel at Sentencing

■ Ruiz–Alvarez argues that counsel was ineffective at resentencing for: (1) failing to object to the district court's jurisdiction; (2) failing to argue that resentencing violated due process and double jeopardy; and (3) stipulating to resentencing without first consulting him. We review the district court's resolution of claims of ineffective assistance of counsel de novo. *United States v. Horodner*, 993 F.2d 191, 194 (9th Cir.1993). The two-prong test for establishing ineffective assistance of counsel was set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). For Ruiz–Alvarez to prevail on his ineffective assistance claim,

**1186**

he must show that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 687–88, 694, 104 S.Ct. 2052; *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Because Ruiz–Alvarez's resentencing was entirely proper, counsel cannot be faulted for having failed to prevent it.

AFFIRMED.