**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Joseph Arturo TRUJILLO,
Defendant—Appellant.**

No. 00–50440.

D.C. No. CR–84–01073–WMB–1.

United States Court of Appeals,
Ninth Circuit.

Submitted July 13, 2001.*

Decided July 13, 2001.

Before RYMER and RAWLINSON,
Circuit Judges, and RESTANI, Judge.**

MEMORANDUM ***

Joseph Trujillo appeals the district court's denial of his motion under Fed. R.Crim.P. 35(b) to reduce his sentence. Although the government questions this court's jurisdiction to hear Trujillo's appeal, we are satisfied that we do have appellate jurisdiction to consider whether the district court correctly decided that it lacked jurisdiction. We affirm, essentially for reasons set forth by the district court.

As Trujillo was originally sentenced April 15, 1985, his February, 2000 Rule 35 motion was filed long after the 120 day limit had expired. Fed.R.Crim.P. 35(b) (pre–1987 version).[1] He contends that it was nevertheless timely because brought

---

1. We vacate submission of Hernandez–Torres's *Apprendi* claims in an order filed concurrently with this disposition.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** Honorable Jane A. Restani, United States Court of International Trade Judge, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. The district court considered Trujillo's motion for reduction of sentence pursuant to both the current version of Rule 35(b) and the version applicable to offenses committed prior to November 1, 1987. Trujillo does not appeal the court's rejection of his motion under the current rule.

within 120 days of the October 18, 1999 remand from this court which in his view had the legal effect of a re-sentencing. However, our remand was not for re-sentencing, but for a ministerial correction to the judgment to clarify that Trujillo's special parole term related only to the substantive counts of conviction. Neither our mandate, nor correcting the judgment, constituted a re-sentencing. *Cf. United States v. Ruiz–Alvarez*, 211 F.3d 1181 (9th Cir.2000). Accordingly, the 120–day period did not begin to run from the date our mandate issued.

We do not need to consider the merits of Trujillo's alternative rationale, that the district court had authority to correct the sentence because his Rule 35(b) motion was made within 120 days of a successful Rule 35(a) motion, for his Rule 35(a) motion was not successful.

AFFIRMED.