**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

DEAN LAFROMBOISE,
        *Defendant-Appellant.*

No. 03-35853

D.C. Nos.
CV-99-00080-BLG/
JDS
CR-94-0082-JDS

ORDER AND
AMENDED
OPINION

Appeal from the United States District Court
for the District of Montana
Jack D. Shanstrom, District Judge, Presiding

Argued and Submitted
July 14, 2005—Seattle, Washington

Filed October 26, 2005
Amended December 8, 2005

Before: A. Wallace Tashima, Richard A. Paez, and
Consuelo M. Callahan, Circuit Judges.

Opinion by Judge Paez;
Dissent by Judge Callahan

15945

**COUNSEL**

Wendy Holton, Helena, Montana, for the appellant.

William W. Mercer, Billings, Montana, and John A. Drennan, Washington, DC, for the appellee.

## ORDER

Appellant's motion to amend opinion is GRANTED.

The opinion filed October 26, 2005, *United States v. LaFrombroise*, 427 F.3d 680 (9th Cir. 2005), is amended as follows. At page 682, delete the sentence that currently reads:

> "The government, however, moved to dismiss the charges as part of an immunity agreement in return for LaFromboise's testimony in another case."

In place thereof, substitute the following:

> "Prior to the new trial, however, the government moved to dismiss the charges."

---

## OPINION

PAEZ, Circuit Judge:

Dean LaFromboise appeals the district court's order denying his motion for habeas relief under 28 U.S.C. § 2255. LaFromboise challenges his conviction and sentence on several grounds, including ineffective assistance of counsel, prosecutorial misconduct, misjoinder of charges, and improper application of the sentencing guidelines. The district court did not reach the merits of LaFromboise's collateral attack, and instead denied the motion as untimely under the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 124. *See* 28 U.S.C. § 2255 ("§ 2255"). Because the district court's judgment in the underlying criminal proceedings is not yet final, however, we vacate the order denying LaFromboise's § 2255 motion and remand with directions to dismiss the motion without prejudice.

# I.

A jury convicted LaFromboise of five counts related to his involvement in a narcotics trafficking scheme, including conspiracy to distribute and possession with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 2. The jury also convicted him of three counts of using or carrying a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). The district court sentenced LaFromboise to 720 months in prison (360 months for the conspiracy and possession counts and a consecutive 360 months for the firearms counts), five years supervised release, and $400 in mandatory assessment penalties. The district court entered its judgment of conviction on August 31, 1995.

LaFromboise appealed his convictions to this court, and on January 10, 1997, we vacated each of his three 18 U.S.C. § 924 firearms convictions. *United States v. Ehrlich*, No. 95-30258, 1997 WL 14426, at *7 (9th Cir. Jan. 10, 1997) (mem.).[1] We remanded the case for retrial of those three charges.[2] Upon remand, the district court scheduled a retrial for the

---

[1]On direct review, we held that the jury instructions used in LaFromboise's trial were invalid under *Bailey v. United States*, 516 U.S. 137 (1995), "which changed the interpretation of the word 'use' for purposes of Section 924." *Ehrlich*, 1997 WL 14426, at *5. We noted that LaFromboise's jury "may have relied on mere storage or proximity of the weapon[,]" *id.*, rather than *Bailey*'s "active employment" requirement that the firearm must be "an operative factor in relation to the predicate offense." *Bailey*, 516 U.S. at 142.

[2] Our mandate to the district court read, in relevant part, as follows: The Court also AFFIRMS the conspiracy convictions of appellants Cozzens and LaFromboise and the "supervisory" enhancement for Cozzens. Finally, the Court VACATES the Section 924 gun convictions for appellants LaFromboise and Cozzens and REMANDS the case for retrial as to those convictions.

*Ehrlich*, 1997 WL 14426, at *7. Implicit in our directive was the need for resentencing following retrial.

three § 924 gun counts. Prior to the new trial, however, the government moved to dismiss the charges. The district court granted that motion and dismissed the firearms counts on August 22, 1997. The district court, however, neither conducted a new sentencing hearing on the counts we affirmed, nor entered an amended judgment reflecting LaFromboise's conviction and sentence in light of the dismissed counts. Thus, the only judgment of conviction of record still provides for the original 720-month sentence and still includes convictions on each firearm count.

LaFromboise filed his § 2255 motion for habeas relief on June 28, 1999.[3] Citing *United States v. Garcia*, 210 F.3d 1058, 1059 (9th Cir. 2000), the district court concluded that his convictions became final on April 10, 1997—90 days after our January 10, 1997, decision when the time for filing a petition for writ of certiorari to the Supreme Court expired. The court found that LaFromboise's § 2255 motion was therefore filed too late to comply with the one-year April 10, 1998, deadline. LaFromboise also argued that the statute of limitations should be equitably tolled because he did not have adequate access to "a full law library." The district court rejected this argument because the government's unrebutted evidence showed that LaFromboise had access to both the prison law library and Title 28 of the United States Code while he was in segregation at the United States Prison in Florence, Colorado, as well as in state custody. Accordingly, the district court denied LaFromboise's motion as untimely under AEDPA's one-year statute of limitations.

---

[3]LaFromboise's post-conviction filings in the district court were complex and confusing. He filed at least two motions for habeas relief under 28 U.S.C. § 2241, which the court construed as properly filed pursuant to § 2255 on March 1, 2000. That order was later vacated in light of *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), and *Adams v. United States*, 155 F.3d 582 (2d Cir. 1998), to prevent prejudice resulting from AEDPA's bar against second or successive habeas motions. LaFromboise's June 28, 1999, motion was therefore his first and only petition for habeas relief filed under 28 U.S.C. § 2255.

## II.

We have jurisdiction over LaFromboise's appeal pursuant to 28 U.S.C. §§ 1291 and 2253. We review de novo the district court's denial of habeas relief under § 2255. *United States v. Zuno-Arce*, 339 F.3d 886, 888 (9th Cir. 2003). We review de novo the district court's determination that the motion was untimely. *United States v. Valdez*, 195 F.3d 544, 546 (9th Cir. 1999), *overruled on other grounds by Dodd v. United States*, 125 S. Ct. 2478, 2482 (2005).

## III.

**[1]** Under AEDPA, federal prisoners are typically required to file a motion for habeas relief within one year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. As the Supreme Court has explained, "[b]y 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) (applying this definition to determine retroactivity of a criminal procedural rule). Moreover, "[a]pplied in the context of a criminal prosecution, finality is normally defined by the imposition of the sentence." *Flynt v. Ohio*, 451 U.S. 619, 620 (1981) (per curiam); *see also Teague v. Lane*, 489 U.S. 288, 314 n.2 (1989) ("[A] criminal judgment necessarily includes the sentence imposed upon the defendant."). We are asked to determine the date on which LaFromboise's conviction became final without the benefit of an amended judgment of conviction.[4] Without that amended judgment, we hold,

---

[4]A judgment of conviction is defined by Federal Rule of Criminal Procedure 32(k) as "the plea, the jury verdict or the court's findings, the adjudication, and the sentence." As the Fourth Circuit has noted, "only a single 'judgment of conviction' arises from a case, like this one, in which a defendant is convicted at one trial on multiple counts of an indictment." *United States v. Dodson*, 291 F.3d 268, 272 (4th Cir. 2002).

LaFromboise's conviction is not yet final and the one-year limitation period has not begun to run.

Our holding here finds strong support in *United States v. Colvin*, where we answered a very similar question. 204 F.3d 1221 (9th Cir. 2000). Colvin, who had been convicted of four counts of conspiracy to distribute and aiding and abetting in the distribution of cocaine, successfully appealed one of his four convictions. *Id.* at 1222. We affirmed Colvin's sentence, however, "because his base offense level remained unchanged." *Id.* We remanded to the district court on July 29, 1997, "with directions to strike the conviction on count 9 and to reduce the special assessment from $200.00 to $150.00." *Id.* On October 16, 1997, the district court amended the judgment in accordance with our mandate, finding that it had no authority to resentence. *Id.*

**[2]** Less than one year later, on October 5, 1998, Colvin filed a § 2255 motion for habeas relief alleging ineffective assistance of trial counsel and prosecutorial misconduct. *Id.* The government argued that the motion was time barred and that Colvin's conviction became final no later than September 15, 1997, when the time passed for appealing our decision on direct review to the Supreme Court, because our mandate "left nothing to the discretion of the district court." *Id.* at 1223. We handily rejected that argument in favor of a "clear, easy-to-follow rule[:]" In "cases in which we either partially or wholly reverse a defendant's conviction or sentence, or both, and expressly remand to the district court . . . , the judgment does not become final, and the [§ 2255] statute of limitations does not begin to run, until the district court has entered an amended judgment and the time for appealing that judgment has passed." *Id.* at 1225. We noted that "in the usual case of a reversal and remand, the judgment of conviction would not become final until after the district court had acted on the appellate court's mandate." *Id.* at 1224.

Other circuits have similarly held that a judgment of conviction is not final for § 2255 purposes until both the conviction and sentence are final. *See*, *e.g.*, *United States v. Dodson*, 291 F.3d 268, 272 (4th Cir. 2002). In *Dodson*, the Fourth Circuit vacated one of the defendant's five convictions and remanded for resentencing "so that the district court could, if it wished, take into account [the court's] vacatur of the conviction and sentence . . . when reimposing sentence" on the remaining counts. *Id.* at 270. The defendant appealed following resentencing, and the Fourth Circuit affirmed the new sentence. *Id.* Evaluating the timeliness of the defendant's subsequent § 2255 motion, the court concluded that the one-year clock began to run after the *amended* judgment became final, when the Fourth Circuit issued its mandate affirming the new sentence. *Id.* at 276. A contrary rule would result in "multiple rounds of habeas review" as defendants would be forced to collaterally attack their convictions before the district court had reconsidered the sentence, and then later file a separate motion challenging the sentence.[5] *Id.* at 274-75. The Second Circuit agreed with that logic in *United States v. Camacho*, noting that habeas "is a mechanism through which criminal defendants can challenge both their convictions and sentences; it therefore makes sense, from an efficiency standpoint, to require criminal defendants to file such motions only after both their convictions and sentences have withstood appellate scrutiny" following resentencing on remand. 370 F.3d 303, 307 (2d Cir. 2004).

---

[5]LaFromboise, for example, would be forced to file a § 2255 motion before his sentence was determined on remand. Since his § 2255 motion challenges both his convictions and his sentence, LaFromboise would be forced either to file separate motions, or to challenge a sentence that does not yet exist in its final form. Neither option makes sense. *See, e.g.*, 28 U.S.C. § 2255 (prohibiting second or successive habeas motions unless certified by the court); *cf. Walker v. Crosby*, 341 F.3d 1240, 1241 (11th Cir. 2003) (holding that individual claims within a single habeas petition under 28 U.S.C. § 2254 may not be reviewed separately for timeliness).

**[3]** The "key inquiry" under *Colvin* is whether an amended judgment, assuming one had been entered, could have been appealed—without presupposing the merits of the appeal. 204 F.3d at 1224; *see also Dodson*, 291 F.3d at 275-76. Our mandate in the prior appeal clearly contemplated further trial court proceedings; indeed, the invalidated convictions account for half of LaFromboise's sentence.[6] Implicit in our mandate to the district court was the opportunity for resentencing, whether or not the remanded gun counts resulted in an eventual conviction. *See United States v. Ruiz-Alvarez*, 211 F.3d 1181, 1184 (9th Cir. 2000) (allowing the district court authority to resentence even where "the panel . . . did not explicitly remand for resentencing"). As we stated in *Ruiz-Alvarez*,

> [w]hen a defendant is sentenced on multiple counts and one of them is later vacated on appeal, the sentencing package comes 'unbundled.' The district court then has the authority to put together a new package reflecting its considered judgment as to the punishment the defendant deserved for the crimes of which he was still convicted.

*Id.* at 1184 (quotation marks omitted). That new sentence is then subject to a direct challenge on appeal. *See, e.g.*, *United States v. Streit*, 17 F.3d 306, 308 (9th Cir. 1994) (per curiam) (entertaining defendant's challenge to resentencing following remand by this court).

The district court therefore must resentence LaFromboise and enter an amended judgment of conviction.[7] We note that

---

[6]In its original sentencing decision, the district court was bound by the then-mandatory United States Sentencing Guidelines, which prescribed a sentencing range of 292 to 365 months for LaFromboise's drug convictions. On resentencing, in light of *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the district court would no longer be bound by the Sentencing Guidelines.

[7]The government likens the resentencing owed LaFromboise to a Rule 35(a) correction to his sentence, which allows the district court to correct

our mandate in the prior appeal did not "expressly or implied-ly" dispose of potential sentencing issues that could have arisen after the entry of an amended judgment. *See Colvin*, 204 F.3d at 1225 n.6. Moreover, even if the district court had narrowly interpreted the mandate as authorizing only the entry of a 360-month sentence, that decision itself is subject to appeal. As *Nguyen v. United States* made clear, 792 F.2d 1500, 1502-03 (9th Cir. 1986), the district court's interpretation of our mandate is subject to appeal, whether or not such an appeal has merit. *See Colvin*, 304 F.3d 1224-25.

Our case differs slightly from *Colvin* in that no amended judgment yet exists here.[8] But that slight difference by no means suggests that *Colvin* should not apply—quite the contrary. In *Colvin*, we specified that, following a partial reversal and remand in this court, "the judgment of conviction does not become final *until the district court has acted on remand*

---

errors in a sentence "that resulted from arithmetical, technical, or other clear error" within seven days after sentencing. Fed. R. Crim. Pro. 35(a). A Rule 35 correction does not change the date of finality of the judgment. *See* 18 U.S.C. § 3582; *United States v. Schwartz*, 274 F.3d 1220, 1224 (9th Cir. 2001). Thus, the government argues that an amended judgment would not affect § 2255's time limits. But LaFromboise is entitled to more than a mere correction of his sentence. In light of his vacated convictions, the district court may reweigh the sentencing factors and come to an independent sentencing decision. *See Ruiz-Alvarez*, 211 F.3d at 1184. His 720-month sentence resulted from an invalid conviction, not from an "arithmetical [or] technical . . . error" in calculating his sentence correctable under Rule 35, or from a clerical error "arising from oversight or omission" correctable under Rule 36. Fed. R. Crim. Pro. 35, 36. The rules pertaining to clerical corrections have no application here.

[8]The district court's order dismissing the § 924 firearms charges, on August 22, 1997, has no effect on the issue before us. Indeed, the district court expressly rejected the argument that LaFromboise's conviction of the drug charges became final upon dismissal of the firearms charges. As the district court put it, "the finality of [LaFromboise's] convictions which were affirmed by the appellate court did not depend on the dismissal of the § 924 conviction." As the terms of the August 1997 dismissal order make clear, that order was not a substitute for the requisite amended judgment on the affirmed drug convictions.

and the time has passed for appealing the district court's action." 204 F.3d at 1226 (emphasis added). The rationale behind *Colvin* requires remand to the district court for entry of an amended judgment, allowing LaFromboise an opportunity to appeal that judgment by direct review should he so choose. When that judgment is entered and the availability of direct review expires, AEDPA's one-year statute of limitations will then begin to run.

Our holding here follows the Eleventh Circuit's decision in *Maharaj v. Secretary for the Department of Corrections*, which noted that "[i]n the context of a federal habeas petition, the statute of limitations runs from the date of state resentencing and not the date of the original judgment." 304 F.3d 1345, 1348 (11th Cir. 2002) (per curiam) (reviewing a habeas petition brought under 28 U.S.C. § 2254) (citing *Hepburn v. Moore*, 215 F.3d 1208, 1209 (11th Cir. 2000) (per curiam)); *see also Walker*, 341 F.3d at 1246 ("[W]e measure the statute of limitation from the date on which the resentencing judgment became final . . . and not the date the original judgment became final."). Relying on our decision in *Colvin*, and over Maharaj's objection, the Eleventh Circuit concluded that "[b]ecause Maharaj's resentencing had not occurred at the time he filed his habeas petition, his state judgment had not become final, and thus his habeas petition . . . was not ripe for review at that time." *Maharaj*, 304 F.3d at 1349. The same reasoning applies here.

**[4]** Until the district court enters an amended judgment of conviction, LaFromboise's § 2255 motion is in fact premature, rather than untimely. In *Feldman v. Henman*, we held that federal prisoners must exhaust appellate review prior to filing for habeas relief in the district court. 815 F.2d 1318, 1321 (9th Cir. 1987) . The district court "will not review a section 2255 motion until the direct appeal is resolved." *United States v. Pirro*, 104 F.3d 297, 298 (9th Cir. 1997). LaFromboise's sentence on the counts of conviction, yet to be determined by the district court, will be subject to direct

appeal. *Streit*, 17 F.3d at 308. Once the new judgment is entered, he may or may not choose to appeal—but until direct appellate review is exhausted the district court may not entertain a motion for habeas relief.[9] *Feldman*, 815 F.2d at 1320-21. The statute of limitations under § 2255 surely cannot lapse before the district court has ever had the opportunity to hear a defendant's habeas claims.

**[5]** The district court's determination that LaFromboise's § 2255 motion was barred by AEDPA's one-year statute of limitations was erroneous. We conclude that the one-year time bar will begin to run after the district court enters an amended judgment and either the direct appeal has been resolved or the time to appeal has passed. *See Colvin*, 204 F.3d at 1225. We need not review the district court's decision that the statute of limitations was not equitably tolled, because we find that the statute of limitations has not begun to run.

**[6]** Accordingly, we VACATE the district court's order and REMAND with instructions to dismiss LaFromboise's § 2255 motion without prejudice.[10]

---

[9]There is some dispute whether this rule reflects a jurisdictional bar or simply a prudential concern. *Compare Feldman*, 815 F.2d at 1323 (dismissing defendant's premature habeas petition "because the district court lacked subject matter jurisdiction to entertain [the] petition") *with Pirro*, 104 F.3d at 299 (noting that this rule was created "for reasons of judicial economy") *and* Rules Governing § 2255 Proceedings for the United States District Courts, Rule 5, Adv. Comm. Notes ("We are of the view that there is no jurisdictional bar to the District Court's entertaining a Section 2255 motion during the pendency of a direct appeal but that the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances."). We need not resolve this discrepancy, however, because the district court should refrain from hearing LaFromboise's § 2255 motion until after he exhausts his direct appellate review rights under either theory.

[10]In light of the procedural posture of this case, any subsequent § 2255 motion LaFromboise may file would not be a successive motion.

CALLAHAN, Circuit Judge, dissenting:

I agree with the majority that LaFromboise's conviction and sentence must be final before the one-year limitation period for filing a § 2255 motion begins to run. I also agree that finality does not occur until the district court has acted on our mandate and the time to appeal that action has passed. The majority errs, however, when it holds that an amended judgment is required to obtain finality in this case. Here, finality was achieved when the district court acted on this court's mandate by dismissing the firearms charges, and the time passed to appeal that order.

*Colvin* supports this conclusion. *Colvin* held that finality was achieved in that case not when the time expired for filing a petition for writ of certiorari from our decision in his direct appeal as urged by the government, but rather when the time expired to appeal the amended judgment entered by the district court. *Colvin*'s holding hinged on the finality of the proceedings, not on the fact that finality was achieved through an amended judgment.

The purpose behind *Colvin*'s holding was to avoid a defendant having to speculate about the effect of a mandate on the finality of a judgment. 204 F.3d 1225. We explained that when we reverse any portion of a conviction or sentence and remand to the district court, the judgment of conviction does not become final until the court has acted on remand and the time has passed for appealing the district court's action. *Id.* at 1225-26. In *Colvin*, this happened to be achieved by the entry of an amended judgment. This is because the amended judgment satisfied this court's mandate directing the district court to strike the conviction on a certain count and reduce the special monetary assessment, and because the amended judgment was not appealed. Likewise, finality was achieved for LaFromboise on September 1, 1997, when the time expired to appeal the district court's order dismissing his firearms charges.

While the term "judgment" contemplates finality, so too does an order of dismissal. Nevertheless, the majority elevates form over substance to conclude that an amended judgment is required to obtain finality. Here, this court vacated LaFromboise's gun convictions and remanded the case to the district court "for retrial as to those convictions." The district court set the matter for retrial but ultimately dismissed the charges upon the government's motion. The dismissal order signaled finality because it left nothing for the district court to do. It should not be disregarded because it was not styled as a judgment.

I also disagree with the majority's conclusion that LaFromboise must be resentenced in this case. We held in *Ruiz-Alvarez* that the district court has the authority to resentence a defendant upon remand when this court partially reverses a conviction. 211 F.3d 1184. *Ruiz-Alvarez*, however, does not require the district court to do so. Here, although the district court could have resentenced LaFromboise consistent with our mandate, the fact that it chose not to does not affect the finality of LaFromboise's conviction and sentence. The parties did not move for resentencing, and there was no reason for the district court to do so sua sponte. The firearms convictions were vacated by this court, thereby voiding the 360 month sentence for these charges. The original judgment on the drug charge remained undisturbed by our vacation, or by the district court's subsequent dismissal of the gun charges.

Because the one-year statute of limitation began to run for LaFromboise on September 2, 1997, his § 2255 motion is untimely unless LaFromboise can establish that he is entitled to equitable tolling of the limitation period. The one-year statute of limitation was enacted in 1996 as part of the Antiterrorism and Effective Death Penalty Act (AEDPA), and was codified at 28 U.S.C. § 2255. LaFromboise contends that the statute of limitation should be tolled from April 23, 1997, until December 2, 1998, while he was incarcerated at the Yellowstone County Detention Center, because during that time

he was unaware of the newly-created limitation period and because the law library did not provide him with a post-AEDPA copy of 28 U.S.C. § 2255. He also argues that the district court record is incomplete on this point and that a remand therefore is required to develop the record.

LaFromboise is incorrect. The record contains evidence that the detention center replaced LaFromboise's water-damaged legal books in June, 1998. The replacement books, including an up-to-date copy of Title 28 of the United States Code, were shipped to the detention center on June 11, 1998, and, according to Lieutenant Neiter of the Yellowstone County Sheriff's Office, were received shortly thereafter. The district court found that the books were replaced on approximately June 15, 1998. LaFromboise does not challenge this finding on appeal. Therefore, even if LaFromboise was entitled to equitable tolling until he received the up-to-date copy of Title 28 of the United States Code, his § 2255 motion was still filed after the one-year statute of limitation expired.

Because LaFromboise's conviction and sentence became final on September 1, 1997, and because his § 2255 motion was filed more than one year after June 15, 1998, LaFromboise's motion is untimely. I would affirm the district court's denial of LaFromboise's motion as time-barred. Accordingly, I respectfully **DISSENT**.