**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jerry John FIORILLO, Defendant–**
**Appellant.**

No. 06–17221.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2007.

Filed Nov. 13, 2007.

Amber S. Rosen, Esq., Office of the U.S. Attorney, San Jose, CA, for Plaintiff–Appellee.

Flora Edwards, New York, NY, for Defendant–Appellant.

Before: KLEINFELD, SILVERMAN, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

In 1996, a federal jury convicted Jerry John Fiorillo of conspiracy to distribute cocaine, possession of cocaine with intent to distribute, and fraudulent use of a counterfeit access device. He filed a habeas petition under 28 U.S.C. § 2255, arguing that he received ineffective assistance of counsel during the criminal trial. The district court denied his petition, and he now appeals.

We review the district court's denial of Fiorillo's habeas petition de novo. *United States v. LaFromboise,* 427 F.3d 680, 683 (9th Cir.2005); *United States v. Baker,* 256 F.3d 855, 859 (9th Cir.2001).

First, Fiorillo contends that his counsel's own involvement in criminal activities during the course of the representation constituted a per se conflict of interest. We conclude that Fiorillo has failed to demonstrate any actual conflict between his counsel's criminal activities and the representa-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**32**

tion. *See Baker,* 256 F.3d at 861–62; *see also Garcia v. Bunnell,* 33 F.3d 1193, 1198 n. 4 (9th Cir.1994); *cf. Mannhalt v. Reed,* 847 F.2d 576, 583 (9th Cir.1988).

Second, Fiorillo argues that his counsel's prior representation of a codefendant constituted "an actual conflict of interest [that] adversely affected his lawyer's performance." *See Cuyler v. Sullivan,* 446 U.S. 335, 348, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). We conclude that Fiorillo has failed to show that "some effect on counsel's handling of particular aspects of the trial was likely." *Lockhart v. Terhune,* 250 F.3d 1223, 1231 (9th Cir.2001) (internal quotation marks omitted) (quoting *United States v. Miskinis,* 966 F.2d 1263, 1268 (9th Cir.1992)). Based on the record presented on appeal, the conflict of interest in this case remains "mere[ly] hypothetical." *See Alberni v. McDaniel,* 458 F.3d 860, 870 (9th Cir.2006). Fiorillo has also failed to make a showing sufficient to warrant an evidentiary hearing. *See United States v. Howard,* 381 F.3d 873, 877 (9th Cir.2004); *cf. Miskinis,* 966 F.2d at 1268–69.

Because we conclude that Fiorillo has failed to demonstrate that any potential conflict of interest ripened into an actual conflict of interest adversely affecting his counsel's performance, we need not consider whether Fiorillo's waiver was "voluntary, knowing, and intelligent." *See Lewis v. Mayle,* 391 F.3d 989, 996 (9th Cir.2004).

Fiorillo requests this court to expand the certificate of appealability to consider several additional issues. Applying the standard articulated in *Nardi v. Stewart,* 354 F.3d 1134, 1138 (9th Cir.2004), we decline to do so. *See also Mayle v. Felix,* 545 U.S. 644, 659, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005); *United States v. Cruz,* 423 F.3d 1119, 1121 (9th Cir.2005); *cf.*

*Carrington v. United States,* 503 F.3d 888, 889–90, 892–93 (9th Cir.2007); *Nardi,* 354 F.3d at 1141; *Walter v. United States,* 969 F.2d 814, 817 (9th Cir.1992).

AFFIRMED