MEMORANDUM **
 Defendant-Appellant William Edward Piers appeals from the district court's denial of his motion under 28 U.S.C. § 2255 to vacate his convictions for several charges arising out of an armed robbery of a credit union. Reviewing the district court's ruling de novo, see United States v. LaFromboise, 427 F.3d 680, 683 (9th Cir.2005), we AFFIRM for the following reasons.
1. Piers contends that his attorney rendered ineffective assistance in his investigation and presentation of the case. To establish an ineffective assistance of counsel claim, Piers must demonstrate both that his counsel’s representation was objectively deficient and that the deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687-88, 692, 104 S.Ct. 2052, 2064-65, 80 L.Ed.2d 674 (1984). Prejudice exists only if “there is a reasonable probability that, but for the counsel’s unprofessional errors, the result of the proceeding would have been different.” Id. at 694, 104 S.Ct. at 2068. Here, the Government presented overwhelming evidence establishing Piers’s guilt of the robbery and weapons charges. Given the strength of the Government’s case, none of the alleged errors by Piers’s counsel, whether viewed individually or cumulatively, *71 “rendered the result unreliable or the trial fundamentally unfair.” Cooper v. Brown, 510 F.3d 870, 925 (9th Cir.2007); see also Hart v. Gomez, 174 F.3d 1067, 1072 (9th Cir.1999) (explaining that an attorney’s errors are not prejudicial when the evidence against the defendant is overwhelming).
2. Piers additionally contends that his attorney was unconstitutionally deficient in handling a motion to withdraw. Whatever disagreements Piers had with his counsel were insufficiently serious to support a presumption of prejudice. See, e.g., Daniels v. Woodford, 428 F.3d 1181, 1198-99 (9th Cir.2005) (presuming prejudice when the defendant categorically refused to communicate with the former career-prosecutor who was belatedly appointed to represent him); United States v. Adelzo-Gonzalez, 268 F.3d 772, 779-80 (9th Cir.2001) (finding an irreconcilable conflict with counsel who cursed at his client, threatened to testify against him and “sink him for 105 years,” called him a liar, and actively opposed the motion to substitute counsel). Regarding prejudice, the issue is not whether the court would otherwise have appointed substitute counsel, but whether Piers’s alleged disputes with his attorney impacted his defense. We find nothing in the record to warrant a conclusion that counsel’s failure to withdraw affected Piers’s defense.
3. We also agree with the district court in finding no abuse of discretion by the magistrate judge who declined to receive expert testimony offered by Piers in support of his ineffective assistance of counsel claim. See United States v. Morales, 108 F.3d 1031, 1035 (9th Cir.1997) (en banc). The magistrate judge’s own ability to assess the factual and legal issues raised by Piers’s Strickland claim supports exclusion of the proffered testimony. See Hovey v. Ayers, 458 F.3d 892, 910-11 (9th Cir.2006); Fed.R.Evid. 702 (permitting expert testimony where it will “assist the trier of fact to understand the evidence or determine a fact in issue”). Thus, the magistrate judge acted properly within his broad discretion pursuant to Fed.R.Evid. 702, and his ruling did not violate due process.
4.Finally, we decline to expand the Certificate of Appealability to include Piers’s uncertified issues. Piers has not made the requisite “substantial showing of the denial of a constitutional right,” 28 U.S.C. § 2253(c)(2), nor raised issues debatable among jurists of reason, Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000).
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. Rule 36-3.