**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 15 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10347 |
| Plaintiff - Appellee, | D.C. No. 2:03-cr-00064-WBS-2 |
| v. | |
| JOSEFINA MANGOBA BANAGA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, Senior District Judge, Presiding

Submitted July 13, 2011**
San Francisco, California

Before: SILVERMAN and GRABER, Circuit Judges, and LYNN,*** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Barbara M. G. Lynn, United States District Judge for
the Northern District of Texas, sitting by designation.

Petitioner Josefina Mangoba Banaga appeals from the district court's denial of her motion for relief under 28 U.S.C. § 2255, challenging her lawyer's performance as constitutionally deficient during her trial on charges of health care fraud. The government argues that Petitioner filed her § 2255 motion too late and that, as a consequence, we lack jurisdiction to consider it. In the alternative, the government argues that the district court correctly denied the motion on its merits. We review de novo the denial of a § 2255 motion. United States v. Withers, 638 F.3d 1055, 1061 (9th Cir. 2011).

I.      Jurisdiction

Petitioner filed her § 2255 motion on February 4, 2009. The district court denied the motion on its merits on March 23, 2009. Following a remand from Petitioner's direct appeal on an issue unrelated to the claim raised in Petitioner's § 2255 motion, the district court resentenced Petitioner on August 17, 2009. Petitioner filed her notice of appeal on August 19, 2009, two days after the court imposed her new sentence but more than 60 days after the district court denied her § 2255 motion on the merits. The government argues that we lack jurisdiction to review the denial of the § 2255 motion because Petitioner failed to comply with Federal Rule of Appellate Procedure 4(a)(1)(B), which requires that the notice of

2

appeal "be filed . . . within 60 days after the judgment or order appealed from is entered."

In our circuit, however, we follow a "clear, easy-to-follow rule" with respect to the proper time for filing a § 2255 motion: "In 'cases in which we either partially or wholly reverse a defendant's conviction or sentence, or both, and expressly remand to the district court . . ., the judgment does not become final, and the [§ 2255] statute of limitations does not begin to run, until the district court has entered an amended judgment and the time for appealing that judgment has passed.'" United States v. LaFromboise, 427 F.3d 680, 683–84 (9th Cir. 2005) (alterations in original) (quoting United States v. Colvin, 204 F.3d 1221, 1225 (9th Cir. 2000)). In LaFromboise, we reasoned that "[u]ntil the district court enters an amended judgment of conviction [on remand], [a petitioner's] § 2255 motion is in fact premature, rather than untimely" because the district court may not "review a section 2255 motion until the direct appeal is resolved." Id. at 686 (internal quotation marks omitted). It therefore does not matter that, as the government observes, Petitioner's motion had nothing to do with her resentencing. Under Ninth Circuit law, the time to file a § 2255 motion always runs from the date of the final judgment. Because Rule 4(a)(1)(B) imposes a 60-day time limit running from the date of the "judgment or order appealed from," we hold that Petitioner timely

3

filed her notice of appeal by filing it within 60 days of the final judgment.  We

therefore have jurisdiction to consider the merits of her appeal.

II.     The Ineffective Assistance of Counsel Claim[1]

Petitioner challenges her trial lawyer's effectiveness by arguing that he

should have called her as a witness.  To succeed on her claim, Petitioner must

show that her lawyer made an "objectively unreasonable" decision not to call her to

testify in the circumstances.  United States v. Sanchez-Cervantes, 282 F.3d 664,

671–72 (9th Cir. 2002) (citing Strickland v. Washington, 466 U.S. 668 (1984)).

She also must demonstrate a reasonable likelihood that, had her lawyer called her

to testify, the jury would have acquitted her of the charges.  Id.  Petitioner's claim

fails to satisfy either requirement.

Petitioner's lawyer reasonably advised Petitioner not to testify.  After the

government rested, the lawyer assessed the strength of the government's case and

found it to be relatively weak.  The lawyer then considered the consequences of

---

[1] To the extent that Petitioner argues that her lawyer denied her the
constitutional right to testify at her trial, her argument fails.  Petitioner's lawyer
informed her of her right to testify but advised her against doing so, and Petitioner
agreed to follow her lawyer's advice.  By agreeing to follow her lawyer's
reasonable advice, Petitioner waived her right to testify.  United States v. Pino-
Noriega, 189 F.3d 1089, 1096 (9th Cir. 1999).  In any event, the district court
issued a certificate of appealability solely on the issue "whether her trial counsel
rendered ineffective assistance by not calling [Petitioner] to testify as a witness at
trial."  We therefore focus our discussion on that single issue.

4

calling Petitioner as a witness and determined that the risks outweighed the benefits.  In particular, Petitioner's co-defendant's lawyer threatened to call his client to rebut Petitioner's testimony if Petitioner testified.  The co-defendant's testimony would have plugged a hole left open by the government's evidence, thereby strengthening the government's case.  Petitioner's lawyer reasonably decided not to take that risk.  Because the lawyer's advice was not "objectively unreasonable," it was not constitutionally deficient.[2]  Id. at 672.

AFFIRMED.

---

[2] Although we need not address the prejudice prong of the Strickland test, Sanchez-Cervantes, 282 F.3d at 672, we observe that Petitioner's claim fails on that prong, too.  She has not demonstrated a reasonable likelihood that her testimony would have led to a different outcome.