**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50405 |
| Plaintiff - Appellee, | D.C. No. 2:98-cr-00749-CAS-1 |
| v. | |
| RICHARD WAYNE PARKER, AKA Rick, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted May 7, 2012
Pasadena, California

Before: PREGERSON, GRABER, and BERZON, Circuit Judges.

Richard Wayne Parker appeals the amended judgment against him, which

was corrected in 2010 after he moved under Fed. R. Crim. P. 36 to correct a

clerical error in the amount of the fine imposed. Although his Rule 36 motion was

granted, Parker now seeks to challenge the validity of his sentence of

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

imprisonment under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which was decided after he was sentenced but before the conclusion of his direct appeal.

Regardless of whether the district court acted properly by amending, under Rule 36, Parker's judgment of conviction to reflect the reduction of his fine, it is apparent that the ministerial amendment of the judgment—reflecting a decision made years before—does not entitle Parker to file a new challenge to his sentence of imprisonment. Parker has had two previous opportunities to raise an *Apprendi* challenge to his sentence: on direct appeal, where he failed to make this argument, and in a motion under 28 U.S.C. § 2255, where he argued that his original counsel had been constitutionally defective for failing to raise *Apprendi* on appeal. On appeal from the denial of § 2255 relief, this court rejected that argument, holding that any *Apprendi* error was harmless, as the evidence against Parker was "overwhelming and virtually uncontested." *United States v. Parker*, 173 Fed. App'x 582 (9th Cir. 2006) (unpublished decision). The district court's grant of Parker's Rule 36 motion does not entitle him to raise this issue again.

The cases Parker cites are not to the contrary. *United States v. Colvin*, 204 F.3d 1221 (9th Cir. 2000), and *United States v. LaFromboise*, 427 F.3d 680 (9th Cir. 2005), held that the time for filing a collateral attack under § 2255 is measured from the entry of an amended judgment when portions of the original judgment

2

have been vacated on appeal.  *See Colvin*, 204 F.3d at 1225.  These cases do not apply here.  Parker's fine was reduced as a result of the collateral attack under § 2255, not as a result of a direct appeal, and there has already been an appeal of the § 2255 ruling.  Parker's Rule 36 motion sought only to conform his judgment to the reduced fine.  Accordingly, that motion could not have triggered a second collateral proceeding and did not require—or allow—the district court to "reweigh the sentencing factors and come to an independent sentencing decision." *LaFromboise*, 427 F.3d at 685 n.7.

AFFIRMED.