**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50476 |
| Plaintiff - Appellee, | D.C. No. 2:04-cr-01416-RGK-2 |
| v. | |
| PAULA CAMEO HARRIS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50477 |
| Plaintiff - Appellee, | D.C. No. 2:04-cr-01416-RGK-1 |
| v. | |
| PAUL H. RICHARDS, II, | |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50493 |
| Plaintiff - Appellee, | D.C. No. 2:04-cr-01416-RGK-3 |
| v. | |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

BEVAN ALTEE THOMAS, AKA Seal C,

Defendant - Appellant.

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted June 4, 2012
Pasadena, California

Before: B. FLETCHER, WARDLAW, and BYBEE, Circuit Judges.

Paul Richards, Paula Harris, and Bevan Thomas appeal from the district court's partial denial of their motion to vacate the guilty verdicts returned on thirty-nine counts, including honest services fraud, money-and-property fraud, money laundering, bribery, extortion, false statement, and perjury in violation of 18 U.S.C. §§ 1346, 1341, 1956(a)(1), 666(a)(2), 1951, 1001, and 1623.  We affirm in part, reverse in part, and remand for resentencing.

1.      We affirm the district court's order vacating the guilty verdicts on counts 10, 11, 35, 36, 37, 38, and 39, because those counts do not allege a bribery or kickback scheme and are thus based on an invalid theory of honest services fraud under *Skilling v. United States*, 130 S. Ct. 2896 (2010).  We further vacate the guilty verdicts on counts 2, 14, and 15, which the government concedes are not related to a bribery or kickback scheme and thus are also invalid under *Skilling*.

2

2. The verdicts on the remaining honest services fraud counts remain valid as to Richards and Thomas, because it is "not open to reasonable doubt that a reasonable jury would have convicted [the defendants]" on a valid theory. *United States v. Pelisamen*, 641 F.3d 399, 406 (9th Cir. 2011) (alteration in original) (citation omitted). The indictment and evidence presented at trial sufficiently charged alternate bribery and kickback theories for the nuisance abatement and CBL transportation contracts, respectively. Indeed, both schemes were separately charged as substantive bribery and kickback offenses, and the jury returned a guilty verdict as to both. *See United States v. Wilkes*, 662 F.3d 524, 544 (9th Cir. 2011) (holding that a guilty verdict on a separate substantive count of bribery or kickbacks "confirms beyond any reasonable doubt that the jury would have convicted [defendant] of honest services fraud if the court's definition had been limited to [a] basis that *Skilling* expressly approved"). Further, based on our thorough examination of the record, Richards and Thomas have failed to demonstrate that the jury verdict would have differed absent the instructional error. *See Neder v. United States*, 527 U.S. 1, 19 (1999).

3. We vacate the guilty verdict against Harris on counts 1, 3, 4, 12, and 13, because we conclude that there is insufficient evidence to support the finding that she knowingly and intentionally aided and abetted the bribery scheme

3

underlying the nuisance abatement contract. However, we affirm the continuing validity of Harris's honest services fraud convictions related to the CBL transportation scheme, because the record sufficiently permits the jury's inference of Harris's knowledge and intent in furthering the honest services fraud.[1]

4.      The district court did not abuse its discretion in denying defendants' motion to vacate the remaining guilty verdicts based on prejudicial spillover from the now invalid counts. We find no support in the record to conclude that the jury relied on the invalid nondisclosure theory to satisfy the elements of the other, separately charged and properly instructed, counts. Indeed, the evidence supporting those convictions would either have been admissible in the absence of the invalid nondisclosure theory, or was sufficiently distinct that no jury could have been confused. Defendants have thus failed to establish "prejudice so pervasive that a miscarriage of justice looms." *United States v. Lazarenko*, 564 F.3d 1026, 1043 (9th Cir. 2009) (citation omitted); *see also id.* at 1044 (setting forth considerations to guide assessment of prejudice spillover).

5.      We remand this case to the district court for resentencing.

---

[1] Because the guilty verdicts for money laundering, counts 22-29, are predicated on a permissible theory of honest services fraud, we affirm their continued validity.

> When a defendant is sentenced on multiple counts and one of them is later vacated on appeal, the sentencing package comes "unbundled." The district court then has the authority "to put together a new package reflecting its considered judgment as to the punishment the defendant deserve[d] for the crimes of which he [wa]s still convicted."

*United States v. Bennett*, 363 F.3d 947, 955 (9th Cir. 2004) (alterations in original) (quoting *United States v. Ruiz-Alvarez*, 211 F.3d 1181, 1184 (9th Cir. 2000)). Here, the district court sentenced defendants to a term of imprisonment on each count to run concurrently. The district court thus did not differentiate among counts in arriving at the ultimate sentence. Because we vacate guilty verdicts on several honest services fraud counts against each defendant, we remand to the district court to reconsider its sentence in light of the remaining counts of conviction.

**AFFIRMED in part; REVERSED in part; REMANDED for resentencing.**

*United States v. Harris*, *et al.,* Nos. 10-50476+

BYBEE, Circuit Judge, concurring in part and dissenting in part:

I concur in the disposition in its entirety except for the portion of numbered paragraph 3 that vacates Harris's conviction on counts 1, 3, 4, 12, and 13.   I think the evidence is sufficient to show that Harris knowingly and intentionally aided and abetted the nuisance abatement bribery scheme.  The record amply demonstrates that Harris wrote checks to the AGS subcontractors for the actual clean-up work and deposited the weekly checks from Jackson & Associates for AGS's cut of the proceeds; that she wrote checks from AGS to AMAC for campaign flyers, which was the core of the bribery counts; that she lied about these payments to the grand jury; and that she admitted that she made the payments from AGS to AMAC to ensure that AGS could keep its contract.  Harris received hundreds of thousands of dollars as a result of her involvement.  For me, this is sufficient to uphold the jury's verdict.