**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50480 |
| Plaintiff - Appellee, | D.C. No. 8:07-cr-00036-AG-1 |
| v. | |
| GEORGE HENRY JARAMILLO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted February 7, 2011
Pasadena, California

Before: D.W. NELSON, REINHARDT, and N.R. SMITH, Circuit Judges.

George Henry Jaramillo appeals his conviction and sentence (guideline

calculation and restitution award) for mail fraud/depriving the public of the right of

honest services of a public official (18 U.S.C. §§ 1341 and 1346).[1] We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[1] Jaramillo also pleaded guilty to and was sentenced for willful filing of false tax return (26 U.S.C. § 7206(1)). He does not challenge that conviction.

jurisdiction under 28 U.S.C. § 1291. We vacate Jaramillo's conviction and restitution order as to Count 2 and remand for further proceedings.

## 1. Count 2 – Honest Services Fraud

After Jaramillo entered a plea agreement and was sentenced to 27 months in prison, the United States Supreme Court decided *Skilling v. United States*, 130 S. Ct. 2896 (2010). *Skilling* limited the application of "honest services" fraud to bribery and kickback schemes. *Id*. at 2933. Jaramillo now argues that the Information on Count 2 does not allege a crime encompassing a bribery or kickback scheme, thus the conviction should be set aside.

Jaramillo did not raise this issue in his opening brief. However, Jaramillo's argument is an exception to the general waiver rule, because the opening brief was filed prior to the *Skilling* opinion. *See United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992); *see also Griffith v. Kentucky*, 479 U.S. 314, 328 (1987).

At the time of the plea agreement, this court applied honest services fraud in two situations: "[(1)] fraud based on a public official's acceptance of a bribe and [(2)] fraud based on a public official's failure to disclose a material conflict of interest." *United States v. Kincaid-Chauncey*, 556 F.3d 923, 942 (9th Cir. 2009). Thus, at the time of the plea, Jaramillo's charged and admitted conduct — that he "defrauded the citizens of the County of Orange and the State of California by

2

soliciting and receiving gifts and loans from other individuals while a public official and falsely stated, concealed, and failed to disclose his receipt of such gifts and loans on his publically-filed Form 700's" — fell within the charge. The charging documents, however, did not allege any scheme of bribery or kickback. Nor did Jaramillo ever admit, in the factual basis for his plea, that the gifts and loans he received were in "exchange for influence." While the record is clear that Jaramillo was paid and accepted money, it is not clear that the money was in "exchange for influence." *Id*. at 943 ("Without a link between the item of value received and an understanding that the public official receiving it is to perform official acts on behalf of the payor when called upon, there is no discernible way to distinguish between an elected official responding to legitimate lobbying and a corrupt politician selling his votes to the highest bidder."). Without any allegations of bribery or kickbacks, *Skilling* mandates that the Information fails to charge an offense under § 1346. We are also unable to establish a factual basis for a bribery or kickback scheme based on Jaramillo's admitted conduct in the plea. We therefore vacate the conviction as to Count 2 and remand this matter to the district court for further proceedings. *See United States v. Ruiz-Alvarez*, 211 F.3d 1181, 1185 (9th Cir. 2000) (noting that the district court may recalculate and resentence the defendant on the convictions which still stand).

Because we remand this matter back to the district court, we need not address the issues raised regarding the sentencing for Count 2.

## 2. *Restitution*

Because we vacate Jaramillo's conviction as to Count 2, we also vacate and remand the restitution order, which was based on the honest services fraud count. *See United States v. Gamma Tech Industries, Inc.*, 265 F.3d 917, 928 (9th Cir. 2001) ("[C]onduct underlying the offense of conviction must have caused a loss for which a court may order restitution, but the loss cannot be too far removed from that conduct.").

**VACATED and REMANDED.**